*Hartford,*<br>June, 1814.<br>Chalker<br>*v.*<br>Chalker.

------•+•------

## HAWLEY *against* BELDEN.

THIS was an action on the case.  The declaration first stated an agreement entered into on the 11th of *April* 1810, between the plaintiff on the one part, and *T. Woodruff* and *J. Belden,* jun. on the other, the material parts of which were and causeway into full and complete repair, to the acceptance of commissioners, by the 1st of *July* 1810, and to pay damages in case of failure.  This contract having been fulfilled in part only, *C.,* on the 19th of *October* 1810, covenanted with *A.,* that the road and causeway should be done, and completed according to *B.*'s contract, by the first of *June* 1811 ; and that if any work done by *B.* should previously fail, and want repairs, it should be immediately repaired. In an action brought by *A.* against *C.* for damages, averring that the work done by *B.* failed and wanted repairs on the 20th of *October* 1810, the plaintiff offered evidence to prove that after the 1st of *June* 1811, the causeway in question fell down, through the insufficiency of the materials and defective construction, and not from any external cause : Held to be admissible.

For the purpose of shewing the amount of damages in such case, the plaintiff offered evidence of the labour and expense which he had bestowed and laid out on the road towards completing it : Held to be admissible.

The defendant, to shew a fulfilment of the contract on his part, offered to prove, that on the 8th of *October* 1810, the commissioners on the road gave a certificate, that the road was so far completed as to authorize the collection of toll ; the commissioners reserving to themselves the right of directing such repairs thereafter as they should judge necessary to complete the road agreeably to contracts and former instructions of commissioners.  The defendant also offered to prove, that on the same day, the commissioners ordered repairs to be made on the road ; and that one of the commissioners, on the 1st of *July* 1811, went on the road, and having inspected it, made no order for repairing the same.  Held that such evidence was inadmissible.

*B.* entered into a contract with *A.* to put a certain part of a turnpike road

as follows : "That the said *T. Woodruff* and *J. Belden*, jun. engage and promise that they will, on or before the 1st day of *July* next, put the road and causeway, at a place called the *Stepping-Stones* on the *Middletown* and *Berlin* turnpike road, which was assessed in company or together, (and which was attempted to be built by Capt. *Joseph W. Alsop*,) into full and complete repair, to the acceptance of the commissioners on said road ; that is to say, the said *T. Woodruff* and *J. Belden*, jun. are to put the road east of the bridge in good repair, (as above.) They are to begin to widen the causeway on the west side of the bridge at the 8th staunching on the north side of the causeway from the said bridge, and to give the said causeway an equal flair from said staunching to the hill west to a width not less than 42 feet at said hill. The road to be well raised from the hill to the place where the causeway begins to widen as above. The road on the south side of the causeway west of said bridge, and east of the point where the widening begins, which is now fallen down, is to be rebuilt by said *T. Woodruff* and *J. Belden*, jun., and is by them warranted to stand for three years after the same shall be accepted. The walls on both sides of the causeway west of the bridge until they arrive at the place where the road begins to widen (as above) are to be raised by the said *J. Woodruff* and *J. Belden*, jun. with stone to a sufficient height, and the causeway between the same they agree to conform to the bridge in the manner pointed out by the gentlemen who equalized the road into shares ; and they engage to replace the dirt next to the abutment in such manner, and at such time, as said *Hawley* shall direct, while repairing the west abutment of said bridge ; always provided, that the said *Hawley* is to repair the said abutment while the said *T. Woodruff* and *J. Belden*, jun. are at work on their causeway west of said bridge." The contract then contained several stipulations on the part of the plaintiff, on which nothing turned, and concluded thus : " And the said *T. Woodruff*, *J. Belden*, jun. and *Hawley* hereby engage to pay all damages that shall accrue in consequence of either party failing on his part of said contract." The declaration then stated, that said *T. Woodruff* and *J. Belden*, jun. having done some work in pursuance of their contract, but not having fulfilled the same on their part, the defendant, father of

said *J. Belden,* jun., for the consideration of 200 dollars, on the 19th of *October* 1810, agreed with the plaintiff as follows : " Received, *Middletown, October* 19th, 1810, of *Samuel Hawley* 200 dollars in full payment for repairing ten shares in the *Middletown* and *Berlin* turnpike road at the *Stepping-Stones,* (so called ;) and I do hereby promise and engage, that the said shares in said road shall be done and completed according to the contract made by *T. Woodruff* and *J. Belden,* jun. with the said *Samuel Hawley,* by the 1st of *June* next ; and that if any work done by them before the same shall be completed shall fail and want repairs, it shall, in such case, be immediately repaired." After averring the indentity of the " ten shares" mentioned in the last contract with that part of the road specified in the first, the declaration proceeded thus : " Now the plaintiff says, that the work done by said *T. Woodruff* and *J. Belden,* jun. failed and wanted repairs on or about the 20th day of *October* 1810, the said work never having been completed, all as the defendant well knew ; but the defendant his promise aforesaid not regarding, hath not performed the same, nor any part thereof ; and the defendant hath not done and completed the said shares in said road according to the contract made by said *T. Woodruff* and *J. Belden,* jun., nor according to said contract signed by the defendant ; nor hath he repaired the work done by said *T. Woodruff* and *J. Belden,* jun. which failed and wanted repairs as aforesaid ; nor hath the defendant, or the said *T. Woodruff* and *J. Belden,* jun. put the said road into repair, to the acceptance of the commissioners on the said road, or completed the same pursuant to said contracts ; all to the damage of the plaintiff," &c.

The defendant pleaded the general issue ; and the cause was tried at *Haddam, December* term 1813, before *Mitchell,* Ch. J. and *Trumbull* and *Ingersoll,* Js.

On the trial, the plaintiff, to maintain the issue on his part, offered evidence to prove, that after the 1st day of *June* mentioned in the defendants contract, a part of the road referred to in that contract, consisting of a high causeway, fell down and wholly gave way, through the insufficiency of the materials and defective construction thereof, and not from any external cause. To the admission of this evidence the defendant objected ; but the court admitted it.

*Hartford,*
*June, 1814.*

Hawley
*v.*
Belden.

In the further progress of the trial, the plaintiff, to make out his case more fully, and to shew what damages arose from the non-performance of the contracts, offered to prove what he had done on the road towards completing it, and the amount of the expense thereof, and that the road had not yet been made equal to the requirements of the defendant's contract. The defendant objected also to the admission of this evidence; but the court admitted it.

On the part of the defendant, the following certificate of *Seth Overton* and *Shubael Griswold,* Esqrs. commissioners on the road, was offered in evidence, to prove an acceptance of the road by them : " The subscribers, commissioners appointed to inspect the *Middletown* and *Berlin* turnpike road, having this day examined the same, do find that said road is so far completed and repaired as in our opinion to authorize the proprietors of said road to collect toll thereon. Permission is therefore hereby given to the proprietors of said road to erect the gates on said road, and to collect toll thereon, agreeably to the act of their incorporation ; reserving to the commissioners on said road the right of directing such repairs hereafter as they may judge necessary to complete said road agreeably to contracts and former instructions of commissioners. Dated at *Middletown,* this 8th day of *October,* 1810." [Signed.] The defendant also offered to prove, that on said 8th of *October,* the commissioners ordered repairs on that part of the road mentioned in the contracts in this form : " The road west of the bridge to be raised 12 inches, and levelled each way." And the defendant further offered to prove, that *Shubael Griswold,* Esq. one of the commissioners, with *John Caldwell,* Esq. who was supposed to be the other, but was not in fact, went to *Middletown,* where the mistake being discovered, said *Caldwell* went no further ; and that said *Griswold* went on the road on the 1st of *July* 1811, and having inspected the whole pursuant to law, made no order for repairing the same, or any part thereof. To the admission of the evidence thus offered by the defendant, the plaintiff objected ; and the court rejected it.

The jury found a verdict for the plaintiff ; the defendant moved for a new trial ; and the questions arising on such motion were reserved for the advice of all the Judges.

*C. Whittelsey* in support of the motion. 1. The evidence adduced by the plaintiff and excepted to on the trial, was relevant, if relevant for any purpose, only to prove that the road was built in a defective manner, or of bad materials. The question then is, whether under this declaration the plaintiff may prove that the road was made in a defective manner? Where a contract is made to do a particular piece of work, if the work is done, although it may be done badly, yet an action does not lie on the ground of mere non-performance, but the plaintiff must state that it was done fraudulently. The decisions bearing on this point are somewhat contradictory, but no case can be found where an action has been sustained on the contract on the ground that the work was done in a defective manner. *Broom* v. *Davis, 7 East* 480. *in notis. Templer* v. *M'Lacklan, 2 New Rep.* 136. The rule now is, that if there has been no beneficial service, there shall be no pay; but if there has been some benefit, the plaintiff shall recover his whole demand, and the defendant have his cross action. 2 *New Rep.* 141. n. (1). [*Day's edit.*] The principal case may be tested by the application of two well known rules; 1st, That the defendant must have notice of the plaintiff's claim on the face of the declaration so as to prepare his defence; 2dly, That the judgment must be a bar to every action for the same cause. Now, would this verdict bar an action for making the road in a deceitful manner? If the preceding principles are correct, the evidence would not be admissible even against *Woodruff* and *Belden;* a fortiori not against the defendant.

Further, the operation of the evidence in question is to make the defendant warrant the work done by *Woodruff* and *Belden* indefinitely; whereas by his contract he warranted it only to the 1st of *June.*

2. The evidence to prove the amount of the repairs on the road in 1812 was irrelevant. The question is, what was the damage on the 1st of *June* 1811? To ascertain that, the state of the road on that day should be proved, and the expense necessary to make it equal to the requirements of the contract. The evidence exhibited went to shew the expense of repairing the road a year afterwards.

3. The certificate of commissioners offered in evidence shewed an acceptance of the road by them, according to the

*Hartford,*
*June, 1814.*

*Hawley*
*v.*
*Belden.*

understanding of the parties. The objection is, that the commissioners reserved the right of directing further repairs. But in answer to this, it may be observed, in the first place, that such reservation was not inconsistent with an acceptance within the meaning of the contract ; and secondly, that after an order for repairs had been given, the commissioner went upon the road and found it in such a state that he was satisfied with it, as appears from his making no further order thereon. Under the statute(*a*) one commissioner is authorized to perform all the duties required of both ; and if the commissioner who went upon the road had not found it repaired to his satisfaction, it clearly would have been his duty to order further repairs. The certificate and evidence offered in connexion with it ought, therefore, to have been received.

*Hosmer,* contra, insisted, 1. That the fact of the causeway's falling *after* the 1st of *June* 1811, through insufficient materials and defective construction, and not from any external cause, was evidence which at least conduced to shew, that *on* the 1st of *June* the causeway was not in a state of complete repair according to the contract. He referred to *Gibson* v. *Hunter,* 2 *H. Bla.* 288. as a much stronger case than the present, where collateral circumstances were received to afford an inference of the principal fact ; and to a class of cases in the law of insurance, where it has been held, that unseaworthiness *at the time of sailing* may be inferred from the condition of the vessel *afterwards.* 2 *Marsh.* 373. *Selw. N. P.* 1016. *Talcott* v. *The Marine Insurance Company of New-York,* 2 *Johns.* 130.

2. That the evidence offered to ascertain the damages was properly admitted. This position he illustrated by referring to the rule for estimating sea damage, *viz.* the amount of repairs, deducting one third new for old.

3. That the evidence offered by the defendant was both incompetent and irrelevant. It was incompetent, because the acts of the commissioners were anterior to the defendant's contract. The certificate and order for repairs were given on the 8th of *October* 1810 ; the contract was entered into on the 19th. The evidence was irrelevant, because it did

(*a*) *Tit.* 166. *c.* 1. *s.* 9.

not shew an acceptance of the road as completed according to the contract.

*Hartford,*
June, 1814.

Hawley
*v.*
Belden.

REEVE, Ch. J. This is an action brought to recover damages for not fulfilling a contract to make part of a turnpike road. Previous to entering into the contract by the defendant, the plaintiff had made a contract with a son of the defendant to make a section of the turnpike which had been set out to the plaintiff, to the acceptance of commissioners, by the 1st of *October* 1810. The son not having fufilled his contract, his father, on the 19th of *October* 1810, entered into the contract on which this suit is brought; in which he covenanted that the work should be finished according to the former contract of the son by the 1st of *June* 1811, and if any work done under the former contract should fail before that day, he should repair it. The plaintiff states, that a part of this work (describing it) failed on the 20th of *October* 1810, and that the defendant had not repaired it. On the trial of the cause, to shew that the work was badly done, the plaintiff offered to prove that the work where there was a causeway, fell down about the 20th of *November* 1811. To the admission of this testimony the defendant objected; and the court admitted it. The admission of this testimony was correct; for if the causeway fell down on the 20th of *November* 1811, not quite six months after the road was by the contract to have been completed, it would shew that the workmanship was defective at the time it was built, or it would not without violence have fallen so soon afterwards.

Testimony was offered by the plaintiff to prove that he had been put to great expense in repairing the road after the 1st of *June*, because the road was not then completed. This was objected to; and admitted by the court. The admission was correct; for it was proper for the purpose of assessing damages.

The defendant offered in evidence the certificate of the commissioners, dated the 8th of *October* 1810, that the gates might be erected, which certificate contained a reservation of the right to give further directions. On the objection of the plaintiff the court rejected this evidence; and also rejected the testimony of Gen. *Griswold*, who was a commissioner, that he viewed the road, and gave no order. It was con-

tended by the defendant, that the testimony ought to have been admitted ; for from this he might infer that the road was completed to the acceptance of the commissioners.   So far as respects the certificate given, it can afford no ground for such inference ; for the acceptance so far as to set up gates contains in it a reservation of a right to give further directions : so it rather proves that the road was not completed.   The " acceptance of the commissioners" mentioned in the contract means a full, absolute and entire acceptance ; whereas this is only a partial acceptance.   And as to the commissioner not having given any order, it is no evidence of acceptance ; for none is shewn but the before-mentioned partial acceptance ; and the right to give further directions to repair the highway remained, although he gave none at the time he viewed the road.

It would have been improper to admit the certificate on another ground ; for it was dated the 8th of *October* 1810, and the contract on which this suit is brought was dated eleven days afterwards, at which time the contract being made to repair the road by the 1st of *June* to the acceptance of the commissioners demonstrates, that at the time of giving the certificate the road was not so completed.

In this opinion the other Judges severally concurred.

New trial not to be granted.