TOWN OF PEACHAM *v.* ORLANDO CARTER.

Where a suit is commenced and prosecuted in favor of a town, it is no objection to the competency of a witness, offered on the part of the plaintiff, that he is an inhabitant and tax payer of the town, and is one of the selectmen of the town, and, in connection with the other selectmen and the town agent, directed the suit to be commenced. In the absence of any evidence to the contrary, the court will presume the suit to have been duly authorized by the town.

In a suit, brought by a town against an individual, to recover a sum of money paid by the selectmen to him for damages, which he claimed to have sustained by reason of the want of repair of a highway in town, and in which the plaintiffs claim to recover upon the ground, that the payment was procured by the defendant wholly by fraud, the highway surveyor of the district, in which the injury was alleged by the defendant to have been sustained, is a competent witness on the part of the town.

In order to justify the court in granting a new trial, for the reason that a paper, not read upon the trial, went to the jury among other papers in the case, it must appear, that the paper conveyed some information to the jury, which might, by some reasonable intendment, have had an influence upon their verdict.

INDEBITATUS ASSUMPSIT for money had and received. Plea, the general issue, and trial by jury, December Term, 1848,—POLAND, J., presiding.

The suit was brought by the town, to recover from the defendant the sum of $13,00, paid by the selectmen of the town to him for damages, which he claimed to have sustained by reason of the want of repair of a highway in the town; and the plaintiffs claimed to

recover upon the ground, that the payment was procured by the defendant wholly by fraud. On the trial the plaintiffs offered, as a witness, one of the selectmen of the town, who, in connection with the other selectmen and the town agent, commenced this suit,—and also offered, as a witness, the highway surveyor of the highway district in the town, in which the defendant pretended to have sustained the damage. To the admission of these witnesses the defendant objected; but they 'were admitted by the court.

After verdict for the plaintiffs the defendant moved to set aside the verdict, for the reason that a letter, written by his attorney to the selectmen of Peacham, and which was not read or offered in evidence upon the trial, went to the jury with the other papers in the case. The letter was not read in evidence, but, on the trial, the selectman, who was admitted as a witness, as above mentioned, stated the fact, that he had received such a letter, and what its contents were. The court, finding that the letter disclosed no new fact to the jury, and that it had gone to them without design, overruled the motion. Exceptions by defendant.

*W. Mattocks* for defendant.

1. Selectmen, as such, have no power to commence or discharge a suit; *Middlebury* v. *Rood*, 7 Vt. 125; and we believe it yet to be an open question in this state, whether a town, through its officers, can commence a suit, without first obtaining a vote of the town. In Connecticut, under a statute very similar to that of this state, it has been decided, that selectmen cannot commence a suit, without a vote of the town. 5 Conn. 367. In this state it has been decided, that neither the selectmen, nor agent, have power to discharge a witness, and that an agent has no more power than an attorney, regularly appointed. *Angel* v. *Pownal*, 3 Vt. 461. If, then, the officers of a town, without a vote of the town, have no power to commence a suit, the selectman, in this case, having, in connection with the town agent, commenced the suit, was not a disinterested witness.

2. The highway surveyor was directly interested to sustain this action; for if he could make it appear, that the road was not out of repair, he would avoid the liability imposed upon him by the Revised Statutes, chap. 21, sec. 4. If the town had been defend-

Peacham v. Carter.

ant, and the same question involved, to wit, the want of repair of the highway, the highway surveyor could not have been a witness; *Yuran* v. *Randolph*, 6 Vt. 369; and the transposing of the case can make no difference.

3. A verdict will be set aside, if material papers, not read in evidence, be delivered to the jury by mistake. *Page* v. *Wheeler et al.*, 5 N. H. 91. `Whitney v. Whitman, 5 Mass. 405.

*Peck & Colby* for plaintiffs.

The highway surveyor was properly admitted as a witness. In *Yuran* v. *Randolph*, 6 Vt. 369, he was held incompetent; and the reason given is, that the judgment would be conclusive against him, as to the amount of damages. It may be doubtful as to the conclusive force of such judgment; but the record would be admissible, to show that damages had been sustained; 1 Greenl. Ev. 462; *Green* v. *New River Turnp. Co.*, 4 T. R. 589; and the surveyor might be interested to secure himself against a subsequent action. But this is a suit for the recovery of money procured by the defendant under the fraudulent pretence of having suffered damage on the highway; and the effect of a recovery by the plaintiffs is merely to open the settlement and recall the payment. The main question of liability is left unaffected.

The opinion of the court was delivered by

POLAND, J. 1. The first question in this case is as to the admissibility of the selectman of Peacham, offered as a witness. We see no reason, why he was not properly admitted. His interest as an inhabitant and tax payer of the town is removed by statute; and the mere fact, that he was an officer of the town, and, as such, assisted in the commencing and prosecuting of this suit, could not make him any more legally interested;—it was an objection to his credibility merely, and not to his competency. The suit must be taken, of course, in the absence of any thing appearing to the contrary, to have been properly commenced, and duly authorized by the town, or its proper agents; and the court would not *presume* it to be otherwise.

2. The highway surveyor of the district, where the defendant claimed to have sustained the injury, was introduced as a witness

for the plaintiffs, though objected to by the defendant. It has been decided, that, in a suit against the town for an injury sustained by want of repair of a road, or bridge, the highway surveyor of the district, where the injury was received, is not a competent witness for the town. This is upon the ground, that the recovery would be evidence, to some extent, in any subsequent suit in favor of the town against such surveyor, upon the statute, for not repairing the road. *Yuran* v. *Randolph*, 6 Vt. 369. In such a case the question, whether the road is out of repair, is always necessarily involved, and must of course be determined. The present action, so far as appears from the record, involves no such inquiry. This money is sought to be recovered back on the ground, that it was obtained from them by the fraud of the defendant; and a recovery might be had either way in entire consistency with the road being out of repair, or otherwise. Neither do we discover, how this recovery could, by any possibility, be used as evidence, either for or against the surveyor, in any subsequent suit, between himself and the town, in relation to his liability for not repairing the highway. If the town recovered in this suit against the defendant, the effect would be to annul the settlement and remit the defendant to his former right of action against the town for the injury he sustained, if any; and the surveyor is in no way relieved from any liability he might be under to the town. We think, therefore, that there was no error in admitting him to testify.

3. The defendant, after verdict for the plaintiffs, moved to set aside the verdict and for a new trial, upon the ground, that a letter, written by Mr. Mattocks, his attorney, to one of the selectmen of Peacham went to the jury, among other papers in the case, without having been read on the trial. On inspection of this letter it seems to be a mere "dunning letter," written to the selectmen, threatening a suit, if the defendant were not settled with. It is difficult to see what influence this could have had upon the case, even if the letter had been new to the jury; but the exceptions state the fact of such a letter having been written by Mr. Mattocks and received by the selectmen, and the contents of the letter had been proved at the trial before the jury. It does not seem possible, that a mere inspection of the letter, after this full knowledge of its existence and of all it contained, could have had any influence upon the

minds of the jury. We think, that, in order to grant a new trial for such a cause, the paper should have conveyed some information to the jury, which might, by some reasonable intendment, have had an influence upon their verdict; and such would seem to be the doctrine in Massachusetts and New Hampshire, as quoted by the defendant. This motion was addressed rather to the discretion of the county court, and we see no reason, why their discretion was not properly exercised in denying the defendant's motion.

Judgment of county court affirmed.