JACKSON, Adm'r &c., vs. SMITH.

*Setting aside verdict for misconduct of juror.*

1. A verdict in a civil action will not be set aside for misconduct of a juror (as in expressing an opinion upon the evidence out of court, during the progress of the trial), where such misconduct does not appear to have been occasioned by the prevailing party, or any one in his behalf, and the court cannot see that it could have an effect unfavorable to the opposite party.

2. Would the verdict be set aside where it did not appear that the misconduct was unknown to the party moving, before the close of the trial?

APPEAL from the Circuit Court for *Dane* County.

The defendant, after verdict against him for damages in a civil action, moved for a new trial on the ground of improper conduct of a juryman; and, the motion being denied, appealed from the judgment. The substance of the affidavit on which the motion was based, is stated in the opinion.

*Braley & Smith*, for appellant, cited *Keenan v. The State*, 3 Wis., 243; 8 id., 132; 5 Geo., 149; *Bradley v. Bradley*, 4 Dall., 112; 22 Me., 198; 25 id., 474; 1 Bay, 373; 2 Gra. & Wat. on N. T., 463; Lit. Cas., 263; 10 Pick., 275; 1 Root, 134; 9 Humph., 646; 3 Day, 220.

*Welch & Lamb* (with whom was *P. L. Spooner*, of counsel), cited *Barlow v. State*, 2 Blackf., 114, 116; *Oran v. Bishop*, 7 Halst., 153; *Pettibone v. Phelps*, 13 Conn., 445; *Woodruff v. Richardson*, 20 id., 240; *Smith v. Thomson*, 1 Cow., 221; *McIlvaine v. Wilkins*, 12 N. H., 474; *Selleck v. Turnp. Co.*, 13 Conn., 452; *Hickox v. Parmelee*, 21 id., 95–6, 101.

DOWNER, J. It is maintained by the appellant, that the circuit court erred in not arresting the judgment and granting a new trial for improper conduct of one of the jurors. The affidavit of Colby is the only evidence of such conduct. He states that "while the trial was in progress, during the recess of the court, he heard one of the jurymen, talking about this case to another person, declare that he thought the girls who

testified for the plaintiff testified very fairly, and that he thought the testimony on the part of the defendant looked dark, and other similar declarations made by said juror." On this affidavit the defendant below, after verdict, moved for a new trial; but the record does not inform us when either he or his counsel *first* knew of the conversation of the juror.

The conduct of the juror was in violation of his duty; but it does not follow that the prevailing party should be punished for it. If the conversation with the juror had been held by the plaintiff or her agent, or at her instance, we should reverse the judgment. But it is not shown that she had anything to do with it. The ancient strict rule has been relaxed. The weight of authority now is to the effect, that in civil cases, if such improper conduct does not appear to have been occasioned by the prevailing party or any one in his behalf, and the court cannot see that it had or might have an effect unfavorable to the party moving for a new trial, the verdict ought not to be set aside. Some courts also hold that it must appear that the misconduct was not known to the party moving for a new trial before the close of the trial, or the motion would be denied. See *Woodruff v. Richardson*, 20 Conn., 240; *McIlvaine v. Wilkins*, 12 N. H., 474; *Barlow v. The State*, 2 Blackf., 114; *Smith v. Thomson*, 1 Cow., 221 and note; *Pettibone v. Phelps*, 13 Conn., 445, and authorities there cited. We think the circuit court rightly overruled the motion for a new trial.

*By the Court.*—Judgment of the court below affirmed.