STATE vs. HARTMANN.

NEW TRIAL *for misconduct of jury.*

1. A new trial should be granted for misconduct of the jury which had, *or may have had,* an effect injurious to the moving party.
2. In a penal action for the obstruction of a highway, the evidence upon the question whether the *locus* was a highway was conflicting, and would have supported a verdict either way; and the jury, after retiring, procured, without leave of the court, a map of the county, which had not been put in evidence, and examined and consulted it. On a motion by defendant, after verdict against him, for a new trial, the map was not produced, and no proof was made by plaintiff that it contained nothing which might have misled the jury. *Held,* that it was error to deny the motion.

APPEAL from the Circuit Court for *Sauk* County.

The action was brought under section 101, ch. 19, R. S. 1858, to recover the penalty therein prescribed for the alleged willful obstruction by the defendant of a certain public highway in Sauk county. A trial resulted in a verdict for the plaintiff. Defendant moved for a new trial on the ground (amongst others) of the misconduct of the jury. The alleged misconduct is thus stated in an affidavit made by the officer in charge of the jury, which was read on the hearing of the motion: "That while said jury were deliberating upon what verdict they should find, after they had retired for that purpose under the instructions of the court, they, the said jury, called upon deponent, and requested him, said deponent, to get them a map of Sauk county; that deponent supposed

it was his duty to do so, and did go to another place, other than the room where said jury were deliberating, and did get a map of Sauk county, and handed the same to said jury, and the said jury did, as part of their consultation and deliberation, consult said map and frequently examine the same, for the purpose of aiding themselves in their deliberations in regard to the verdict they should find in said action."

The facts stated in the affidavit are not denied. The map was not produced on the hearing of the motion, nor was any proof given of its contents. The motion was denied, and judgment rendered pursuant to the verdict; from which defendant appealed.

The appeal was submitted for the appellant on the brief of *J. W. Lusk;* and for the respondent on that of *John Barker* and *G. Stevens,* and a separate brief by the *Attorney General.*

Lyon, J. The question as to what misconduct of a jury is ground for granting a new trial, has been considered by this court several times, and is settled by the adjudications. The rule is, that if the court can see that the misconduct had, or might have had, an effect unfavorable to the party moving for a new trial, the verdict should be set aside. This rule is applicable to civil actions. *Jackson v. Smith,* 21 Wis., 26. The decisions of this court cited in the brief of counsel for the appellant, lay down the rule in criminal cases, but much of the discussion in the opinions is applicable to civil cases as well.

The use of the map by the jury in their deliberations, and as a part of their deliberations, was entirely unjustifiable. It had not been introduced in evidence; and, had it been, it should not have been taken to the jury room without permission of the court. Within the rule above stated, the misconduct is fatal to the judgment, if, without knowledge of the contents of the map, it can justly be said that it might have influenced the verdict. We all know by observation that highways are usually marked on such maps; and if the jury

found the *locus in quo* marked as a highway on the map which they examined, that fact might have influenced, and very probably did influence, their verdict. If there is nothing on the map which could have influenced their verdict, the *onus* is upon the plaintiff to show the fact.

The question litigated on the trial was, whether the *locus in quo*, when the defendant obstructed it, was a highway by public user; and on that question the testimony is in conflict. Probably a verdict either way could not be disturbed on the testimony alone. Because we cannot say that the verdict is right notwithstanding the misconduct of the jury, and because we are compelled to say that such misconduct may have influenced the jury to find for the plaintiff, we must hold that the motion for a new trial should have been granted.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.