JAMES A. BRISTOL *vs.* JOHN C. GALWAY.

.Third Judicial District, New Haven, June Term, 1896. ANDREWS, C. J.,
      TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The fact that an objectionable paper was by mistake allowed to go to the
   jury with others, affords no ground for a new trial, if it appears from
   the finding that this paper was recalled before it had been examined.
The parties were at issue as to whether a pair of horses were sound when
   sold by the plaintiff to the defendant in May. The defendant, to prove
   them unsound, offered to show that in the following October they were
   examined by a veterinary surgeon and found to be unsound, and that
   in the opinion of such surgeon the unsoundness was of such a nature
   as to indicate its existence at the time of sale. *Held* that the trial
   court erred in excluding the testimony.

[Submitted on briefs June 3d—decided June 25th, 1896.]

ACTION to recover the amount of a promissory note made
by the defendant, brought to the City Court of New Haven
and tried to the jury before *Dow, J.;* verdict and judgment
for the plaintiff, and appeal by the defendant for alleged
errors in the rulings of the court. *Error and new trial
granted.*

This is an action on a promissory note for $225. The de-
fense set up in the answer is : The note was given for a pair
of horses purchased by the defendant of the plaintiff ; the
plaintiff warranted the horses to be all right in every way, and
the defendant purchased relying on said representation ; in
fact the horses were not all right, but one was afflicted with a
spavin and the other with a habit of cribbing, and by reason
thereof were wholly worthless. The reply admits that the
note was given in payment for the horses, and denies the
other allegations of the answer. The jury returned a verdict
for the plaintiff to recover $208.33 damages, and the court
(*Edwin C. Dow, Assistant J.*) rendered judgment for that
amount. The trial judge made a finding, and the defendant
appealed.

The reasons of appeal assign errors in rulings on evidence ;
and also claim error from the fact that the file of papers given

to the jury contained by mistake one paper not proper for their consideration, it appearing that the mistake was immediately discovered, and the file taken back by the court under such circumstances as to justify a finding that the objectionable paper had not been examined by the jury.

*James P. Bree*, for the appellant (defendant).

*Warren H. Bristol*, for the appellee (plaintiff).

HAMERSLEY, J. As it appears from the finding that the paper improperly given the jury was retaken by the court before it had been examined, the defendant could not have been injured by the mistake.

The horses were sold on May 25th. Upon the trial the defendant relied on the testimony of a veterinary surgeon who had, as it was claimed, at the request of the plaintiff, examined the horses while in the possession of the defendant, the following October; but the plaintiff objected " to all the evidence as to the examination of horses sold by Bristol to Galway in May, 1895, and examined in October, 1895; the objection was sustained, and exception taken."

On its face and unexplained, this ruling was erroneous. The offer—for the purpose of showing an unsoundness at the time of sale—to prove a subsequent examination by the surgeon made at the request of the plaintiff, and with the consent of the defendant, was in effect an offer to prove that unsoundness existed at the time of the examination, and also to prove by the opinion of the expert, that the unsoundness was of such a nature as to indicate its existence at the time of sale. Such evidence would conduce to prove a fact in issue; *Hawley* v. *Belden*, 1 Conn. 93, 99; and was admissible. *Bulkley* v. *Landon*, 2 id. 404, 407.

If the finding had been properly prepared, so as to present an intelligible view of the relation of the questions asked and excluded, to the actual condition of the evidence, it is possible that the error might have appeared to be one that did not in fact injure the defendant. The trial court seems

to have assumed that the condition of the horses at the time
of sale, would not be shown by any evidence offered by the
defendant of their condition subsequent to that time; and
the finding, which is a mere bald recital of a number of ques-
tions asked and excluded, some evidently permissible and
some not, admits of no inference except the natural one that
the answers which the allowable questions sought to elicit,
would have tended to support the defendant's contention.

The other errors assigned relate to the main error of the
court in assuming that the evidence as to the condition of
the horses subsequent to the sale would not tend to prove a
breach of warranty, and do not call for special mention.

Error and new trial granted.

In this opinion the other judges concurred.