## DAVID PALMER vs. HENRY E. SMITH.

First Judicial District, Hartford, October Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action for the use of a horse, tried on the general issue, the defendant offered evidence that he was to have its use for its keep. *Held* that he had the burden of proving that there was an agreement to that effect.

No papers should ordinarily be left in the file delivered to the jury except such as may properly serve to enlighten them as to the issues upon which they are to pass.

A written notice of the withdrawal of the original attorney for one of the parties ought not to go to the jury. It cannot, however, be supposed to have influenced their verdict, if they were instructed by the court to pay no regard to the attorney's withdrawal.

Upon an appeal from a justice the plaintiff and appellee recovered judgment in the Court of Common Pleas, but for a smaller amount. *Held* that the court was not absolutely bound, under General Statutes, § 770, to disallow him costs, but might exercise its judicial discretion in the matter.

Submitted on briefs October 13th—decided December 18th, 1903.

SUIT for compensation for the use of a horse, brought originally before a justice of the peace who gave judgment for the plaintiff to recover $43 and costs. The defendant appealed to the Court of Common Pleas for Hartford County, where the cause was tried, on a general denial, to the jury, *Coats, J.*, and a verdict rendered in favor of the plaintiff for $36.75. Judgment having been rendered for this amount, the defendant appealed to this court. *No error.*

*Seymour C. Loomis*, for the appellant (defendant).

*Hugh M. Alcorn*, for the appellee (plaintiff).

\* BALDWIN, J. . . . . The original attorney for the defendant had withdrawn from the case shortly before the

\* A portion of the opinion dealing with matters of evidence of little general interest has been omitted. The opinion in full is on file in the Court of Common Pleas in Hartford County. *Reporter.*

trial in the Court of Common Pleas.  On the final argument, the plaintiff's counsel alluded to this, adding that the attorney had withdrawn because he found that there was no defense that could be made out.  The court thereupon observed that these remarks were improper, and instructed the jury to pay no regard to them nor to the fact of the withdrawal.  In handing the papers in the case to the jury, when they retired to consider as to their verdict, the written notice of withdrawal, which was among them, was left in the file, notwithstanding the objection of the defendant.

It would have been better to remove it.  No papers should ordinarily be left in the file delivered to the jury except such as may properly serve to enlighten them as to the issues upon which they are to pass.  But as in the case at bar they were expressly cautioned not to take into consideration the withdrawal of the attorney, it cannot be supposed that the putting in their hands of the paper evidencing it had any effect upon the verdict rendered.

General Statutes, § 770, provides that on an appeal in any civil action from the judgment of a justice of the peace, "if the appellant shall obtain a more favorable judgment, the court may, at its discretion, tax costs on the appeal in his favor, and tax no costs on the appeal in favor of the appellee, although the appellee shall obtain judgment in the appellate court."  Error is assigned in allowing costs to the plaintiff, who was the appellee in the Court of Common Pleas, when the judgment there was for a less sum than that recovered before the justice of the peace.  The Court of Common Pleas was not absolutely bound on this account to tax no costs in his favor.  It was a matter of judicial discretion, and we see nothing to indicate that the discretion was not well exercised.

There is no error.

In this opinion the other judges concurred.