ELENA LOMBARDI GIMELLI, ADMINISTRATRIX, ET AL. *vs.* THE WATERBURY CADILLAC COMPANY, INCORPORATED.

Third Judicial District, New Haven, January Term, 1929.

WHEELER, C. J., HAINES, HINMAN, BANKS AND JOHN RUFUS BOOTH, Js.

Argued January 18th—decided April 6th, 1929.

*Carroll C. Hincks* and *Michael J. Galullo,* for the appellant (plaintiff Gimelli, administratrix).

*Walter E. Monagan,* for the appellee (defendant).

*Seth W. Baldwin,* for the appellee (plaintiff The Connecticut Company).

WHEELER, C. J.  The plaintiff's decedent while in the employ of The Connecticut Company on a highway in Waterbury was struck and killed by a taxicab owned and operated by defendant.  The plaintiff

brings this action to recover damages for the decedent's death. It appears of record that prior to the trial The Connecticut Company moved the court that it be joined as a party plaintiff, alleging its liability to the dependents of the deceased for compensation on account of his decease. The court granted the motion. At the close of the plaintiff's case the defendant moved for a nonsuit as to the coplaintiff, The Connecticut Company. The motion was heard in the absence of the jury. During the course of the hearing of the motion counsel for the plaintiff stipulated that compensation had been awarded on account of the death of the plaintiff's decedent against The Connecticut Company providing for weekly payments of $17.005 for three hundred and twelve weeks and a burial fee of $200, which award counsel for the plaintiff conceded had priority out of any verdict rendered. The trial court denied the motion for a nonsuit against The Connecticut Company and sustained plaintiff's request that everything concerning the compensation phase of the case should be excluded from the consideration of the jury. Pursuant to this ruling the case was argued by counsel for each party without comment as to the presence of The Connecticut Company as a coplaintiff, or as to the rights and obligations of the coplaintiffs as to each other, or as to any verdict for damages that might be rendered; nor did the court touch upon such rights and obligations in its charge.

The substance of paragraphs eight, nine and ten of the motion to correct the finding which the court refused to make should have been added to the finding, viz: The court submitted to the jury, when it retired to consider the case, the application of The Connecticut Company to be made a party and the order of the court making it a party. The application recited that The Connecticut Company had received a notice of a

hearing in a claim for compensation against it on account of the death of plaintiff's decedent, and that it "may be obligated to pay an amount of compensation at present undetermined" for the same. The presence of the application in the jury room was not known to the plaintiff Gimelli or her counsel until after the verdict had been accepted and the jury dismissed. The plaintiff filed her motion for a new trial based upon the presence of the application in the jury room. The court denied the motion, stating the ground of its decision as follows: "Well, I do think that the paper should not have gone to the jury as long as they were not considering that phase of the case in any way, but there is nothing in there to inform the jury whether compensation had been granted, or any intimation of the amount if any had been or would be granted, and it hardly seems to me that the jury would have inferred any substantial amount of payment coming from elsewhere to mitigate these damages, and I think the arguments of counsel and the charge were adequate to inform them, that if they brought in a verdict for the plaintiff it should be for just compensation for the injuries. I can't see that they were misled by anything in this paper, although I assume it would have been better if it had not been before them. Therefore, I will deny the motion."

Under our statute The Connecticut Company was entitled to be reimbursed for the amount paid by it on account of the compensation award, which the judgment recites is of the present value of $5,004.83, from the verdict rendered in this case which was $5,000; the court after hearing had rendered judgment for The Connecticut Company to recover of the defendant $5,000 damages.

Error is predicated upon the giving to the jury the application of The Connecticut Company to be made

a party together with the ruling of the court admitting
it as a party, in view of its ruling that the existence
and amount of the compensation award should not be
placed before the jury nor commented upon by coun-
sel. Under our practice all pleadings relevant to the
issues being tried and all papers and documents admit-
ted in evidence in the course of the trial are delivered
to the jury when they take the case under considera-
tion for decision. 1 Rev. Swift's Digest, s.p. 775; *State*
v. *Tucker*, 75 Conn. 201, 203, 52 Atl. 741. "It is the
duty of counsel as well as of the court to ascertain
what papers are delivered to the jury." *State* v.
*Tucker, supra; Flanders* v. *Davis,* 19 N. H. 139, 149.
It is not every paper which through mistake is handed
the jury, will require the setting aside of the verdict.
Where counsel improperly commented in argument
that the withdrawal of an attorney was because he
had no defense the court admonished the jury to dis-
regard the comment and the fact of the withdrawal.
In handing the papers to the jury the written notice
of this withdrawal was mistakenly included. We held:
"But as in the case at bar they were expressly cau-
tioned not to take into consideration the withdrawal
of the attorney, it cannot be supposed that the putting
in their hands of the paper evidencing it had any effect
upon the verdict rendered." *Palmer* v. *Smith,* 76 Conn.
210, 211, 56 Atl. 516; *State* v. *Rubaka,* 82 Conn. 59, 72
Atl. 566; *Bristol* v. *Galway,* 68 Conn. 248, 36 Atl. 44.
But when it appears that the paper was calculated to
affect the verdict, unless it clearly appears that it could
not have had that effect the verdict will be set aside.
In *Clark* v. *Whitaker,* 18 Conn. 543, 549, we held:
"The judge found that the paper complained of was
before the jury, during all their deliberations, and was
calculated to affect the verdict. It certainly was; . . .
The mistake and absence of evil design, on the part of

the counsel of the prevailing party can avail nothing. That which is found to be true in this case, may be doubtful in the next case; and certainly a door will be opened for evil practices. The jury room cannot be guarded with too much vigilance and jealousy." A like rule prevails in the case of the misconduct of a juror. *Pettibone* v. *Phelps,* 13 Conn. 445, 450; *State* v. *Hartmann,* 46 Wis. 248, 250, 50 N. W. 193; *Whitney* v. *Whitman,* 5 Mass. 405. The irregularity of books, papers and documents being taken to the jury room will be sufficient cause to set aside the verdict if this irregularity be deemed harmful, that is, when it is calculated to influence their decision. *Long* v. *Payne,* 198 N. Y. App. Div. 667, 671, 190 N. Y. Supp. 803; *Benson* v. *Fish,* 6 Me. (6 Greenl.) 141; *In re Estate of Merrill,* 202 Iowa, 837, 840, 211 N. W. 361; *Wright* v. *Clark,* 50 Vt. 130, 136; *Peacham* v. *Carter,* 21 Vt. 515.

The rule in this State is that expressed in *Clark* v. *Whitaker, supra;* it substantially obtains in most jurisdictions which have been required to decide the point involved. The test is, was the book, paper or document which went to the jury, not having been admitted in evidence, calculated to effect the verdict? We cannot reach a judgment in this class of cases by ascertaining whether in fact the jury made use of the book, paper or document through the occurrences in the jury room, for these cannot be the subject of judicial investigation. *Valentine* v. *Pollak,* 95 Conn. 556, 111 Atl. 869.

In the case before us the trial court, practically, has found that although these papers were sent to the jury room by his direction they were not calculated to affect the verdict. This conclusion was an inference drawn from the subordinate facts and is therefore reviewable by us. The papers showed that The Connecticut Com-

pany might be obligated to pay an amount of compensation which would in all probability be determined within nine days from the date of the application. It would have been a reasonable inference on the part of the jury that this obligation had, at the time of the trial, been fulfilled. Without instruction upon the subject they might well have concluded that it would not be just to make the defendant again pay the amount of compensation already paid and thus have made deduction to cover their estimate of this. In the absence of instruction the jury might not unreasonably have concluded, that although in the application the Connecticut Company made claim for such amount of the recovery of damages against the defendant as it should at the time of the trial be legally entitled to receive, which was the amount the Company might have to pay as compensation, that that subject had been disposed of and that the Connecticut Company would have no rights in the amount of the verdict which they might render. The trial court was in error in determining the motion for a new trial upon the theory that the jury were not misled, instead of upon the theory that the possession by the jury of these papers was calculated to have affected the verdict. It goes without saying that if the papers had been submitted to the jury the court would have been under the duty of instructing the jury as to the rights of The Connecticut Company under the compensation features of the case. Whether or not such a charge would have removed the likelihood of harm resulting from the giving of these papers to the jury it certainly is true that without such charge it cannot reasonably be held that the presence of these papers was not calculated to affect the verdict.

Errors four and five are too general to raise the specific points argued therefrom by the appellant.

Errors predicated upon the motion to set aside the verdict and the motion for a new trial need not be considered in view of our finding of error in other features of the case.

There is error and a new trial is ordered.

In this opinion the other judges concurred.