OCTOBER AND NOVEMBER TERM, 1884, No. 46.     OCTOBER 7, 1884.

## Moss *v.* Commonwealth.

1. During the trial upon an indictment for murder, one of the jurors requested, and was granted, permission to attend the funeral of his brother-in-law. He was placed in the custody of a court officer, to whom full instructions were given by the Court as to the care to be observed. The jury afterwards found the prisoner guilty of manslaughter. *Held*, that in view of the verdict, the same rule should be applied as if the prisoner had been indicted and tried for manslaughter only; and that this was therefore not such an act as calls for a reversal of the judgment.

2. Where the prisoner is indicted and tried for manslaughter, jurors may, in the discretion of the Court, be permitted to separate, after being duly cautioned, without the creation of any legal presumption that undue influence thereby operated on their minds.

3. In case of a conviction for a capital offense, the fact of separation further than is necessarily required to enable the jurors to perform their duties as such, and under the care of a sworn officer, creates a presumption of improper influence, which the Commonwealth must rebut by clear and satisfactory evidence.

4. *Semble*, that it would have been well, on the return of the juror, to have inquired of him and of the officer in charge whether anything was said or done in the presence of the juror tending to influence his action in this case.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error and *certiorari* to the Court of Oyer and Terminer of *Westmoreland County.*

Indictment for the murder of James McGugan by the Commonwealth against John T. Moss.

The trial in the court below, before HUNTER, P. J., began on November 22, 1883, when the jurors were sworn, and continued until December 1, 1883, when the jury rendered a verdict of guilty of manslaughter. During the continuance of the trial, on Saturday, November 24, one

[Moss *v.* Commonwealth.]

of the jurors presented the following communication to the court:

"I have a brother-in-law that has had the consumption for almost two years, and is now very low, if alive.  He has given me instructions with regard to his burial, which I would like to carry out, but, under the circumstances, would like to see him once more if alive, and if he is dead, to give instructions with regard to his burial.  Can I get permission from the Court to go home in charge of an officer?  My family know nothing at all about this trial; besides, I know the oath I took.  If I am allowed to go, please state how close I shall be bound down, if I am allowed to speak to my family on subjects outside of this trial or not.

Respectfully submitted.

JAMES H. BYERLY."

The Court granted the permission, as follows:

"The foregoing communication having been addressed to the Court, and it having been made to appear to the Court that the person referred to is now dead, and that the juror is desirous to attend the funeral, the Court thereupon granted permission to the said juror, James H. Byerly, and placed him in the custody of Officer James White, who was duly appointed for that purpose, and sworn according to law, and to whom (the officer as well as the juror) full instructions were given by the Court as to the care to be observed, and the clerk was directed to make a full minute hereof.

The remaining jurors were then given in charge of Daniel McCartney and Tipstave Henry K. Welty, aforesaid duly appointed for that purpose and sworn according to law.   Court of oyer and terminer adjourned."

The trial was resumed on Monday, November 26, with all the jurors present.

After the verdict, defendant's counsel filed motions in arrest of judgment and for a new trial, which were overruled, and the defendant sentenced.

Defendant then took out writs of error and *certiorari*, and assigned as error the action of the Court in granting the juror's request to allow him to separate himself from the other jurors for a period of two days, and in overruling the motion in arrest of judgment made upon the same ground.

*H. W. Wier* and *Hazlett & Williams* for plaintiff in error.

The separation of the jury, permitted in this case by the

[Moss v. Commonwealth.]

Court, was error, and the judgment should be reversed: Peiffer v. Commonwealth, 3 Harris, 468; McLain v. State, 10 Yerger, 241; Commonwealth v. McCawl, 1 Va. Cas., 271; 1 Chitty, Crim. Law, 634; 11 Humph.. 502, (Tenn.;) 8 *Id.*, 597; 4 *Id.*, 38; 1 Swan., 256; 7 N. H., 287; 43 Miss., 369; 26 Miss., 83; 3 Parker Crim. R., 25; 2 Pick., 496; 1 Robinson, 756; 9 Smede & Marsh, (Miss.,) 465; 13 *Id.*, 398; 2 Humph., 592; 7 R. I., 337; 19 Grat., 486; 11 Ired, 514; 20 Ga., 752; 39 Miss., 721; 21 Ill., 373; 30 Ill., 256; 24 Ind., 151; 3 Minn., 444; 30 Wis., 132; 37 *Id.*, 396.

There was no affirmative evidence on the part of the prosecution that the juror was in charge of the officer accompanying him during the whole period of the two days he was absent, and that he did not converse with any one on the subject of the trial.

*S. A. Kline, Jac. Turney*, and *McAfee, Atkinson & Peoples* for defendant in error.

In all the cases referred to, the separation was a willful and voluntary act of the juror, or an improper license by the Court, without proper restrictions. Where the Court permits the separation and places the juror under the care of the proper officer, it is not cause for new trial. In Peiffer v. Commonwealth, 3 Harris, 468, all rules were grossly violated.

Under the proper restrictions, the officer in charge of the juror is presumed to have faithfully discharged his duty, and to have excluded the juror from all improper intercourse. The question was fully examined and discussed in U. S. v. Guiteau.

October 20, 1884, the opinion of the Court was delivered by MERCUR, C. J.:

The verdict of the jury has removed the higher grade of crime, and reduced the case to one of manslaughter. If the conviction had been of a capital offense, the observance of a more stringent rule would be required. The case of Goersen v. Commonwealth, decided at the present term, was a conviction of murder in the first degree. The sickness of a juror had caused his separation for medical treatment. The Commonwealth there assumed, and we held correctly, the obligation of showing affirmatively that no improper influence operated on the mind of the juror during his separation. In case of a conviction of a capital offense, the fact of separation further than is necessarily required to enable the jurors to perform their

duties as such, and under the care of a sworn officer, creates a presumption of improper influence, which the Commonwealth must rebut or remove by clear and satisfactory evidence. In the present case, we think it would have been well, on the return of the juror, to have inquired of him and of the officer in charge, whether anything was said or done in the presence of the juror tending to influence his action in the case. As, however, there is no evidence nor averment of any such influence, we cannot hold the mere separation of the juror in the custody of a sworn officer, and by the permission of the Court, is such an act as to call for a reversal of the judgment. The strictness of the early English rule in excluding jurors from all outside intercourse, in cases not capital, is very much relaxed in this country. In view of the verdict, and for the purpose we are now considering, we think the same rule should be applied as if the prisoner had been indicted and tried for manslaughter only. In such a case, jurors may, in the discretion of the Court, be permitted to separate, after being duly cautioned, without the creation of any legal presumption that undue influence thereby operated on their minds. Whatever is necessary to preserve the purity of a trial by jury must be adhered to and strictly observed. Whatever is not necessary to secure a fair and impartial trial must not be so magnified as to defeat the ends of justice. As we do not consider this to be a capital case, but one of the grade for which the prisoner was convicted, we deem it unnecessary to refer to the authorities cited. We merely say they are not applicable to this case, which is for a lesser crime.

Judgment affirmed.