OGDEN v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. January 2, 1902.)

No. 13.

1. CRIMINAL LAW—RIGHT TO MOVE FOR NEW TRIAL—REVIEW ON ERROR.
    The right of a defendant in a criminal prosecution, against whom a verdict of guilty has been returned, to move for a new trial, and to have that motion considered on the reasons presented for it, is an absolute one, and the granting or refusal thereof does not rest in the discretion of the court. Therefore the refusal of a federal court to permit the filing of such a motion, offered in due time, or to consider the same, or the evidence offered in its support, is error, and may be reviewed on a writ of error.

2. SAME—NEW TRIAL—MISCONDUCT AFFECTING JURORS.
    The fact that on the retirement of the jury in a criminal case an officer of the court handed to them the indictments upon which the defendant was tried, which were taken into the jury room with other papers for their consideration, and that indorsed on the back of each of such indictments was the verdict of a former jury finding the defendant guilty as charged therein, was such a violation of the rights

of the defendant as to entitle him to a new trial, and it was not incumbent on him to show that such indorsements were actually read by the jurors or any of them.

In Error to the District Court of the United States for the Eastern District of Pennsylvania.

Dimner Beeber, for plaintiff in error.

J. W. Thompson and James B. Holland, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

GRAY, Circuit Judge. The plaintiff in error in this case was, on the 21st, 22d, and 23d days of November, 1900, tried for selling oleomargarine without being sufficiently stamped, upon two indictments,—No. 25, of November sessions, 1899, and No. 37, of May sessions, 1900. The result of that trial was that the jury found the plaintiff in error guilty in manner and form as he stood indicted in indictment No. 25, November sessions, 1899, and guilty in manner and form as he stood indicted in the fourth and fifth counts in indictment No. 37, May sessions, 1900. On December 15, 1900, the district court set aside the said verdicts, and granted a new trial (105 Fed. 371), on the ground that the plaintiff in error was injured by the publication of a prejudicial and inflammatory newspaper article concerning him during the trial. He was again called for trial on the 25th of February, 1901. After the jury was sworn, the district attorney announced that he would try the defendant upon all the counts in bill No. 25, November sessions, 1899, and upon the fourth and fifth counts in the bill No. 37, May sessions, 1900, consolidated as indictment No. 25. These were the counts in the two indictments upon which the defendant had been found guilty on the first trial. On this second trial the defendant was found guilty upon all the counts in the first indictment, and upon counts fourth and fifth of the second indictment. The verdict was returned February 25, 1901.

The bill of exceptions, signed and sealed by the trial judge, and so made a part of the record, contains the following statement of facts:

"Immediately upon the rendering of the verdict the defendant's counsel asked leave to move for a new trial, which request was refused by the court. Afterwards, on February 27, 1901, the defendant took certain testimony, and handed the notes thereof, with a written motion for a new trial, to the clerk of the court. A copy of both papers was handed to the judge, but no leave of court was obtained to file these papers of record. On March 1, 1901, when the defendant was called for sentence, his counsel called these papers to the attention of the court, but the court declined to consider them, on the ground that leave to move for a new trial had already been refused. To this refusal of the court, on March 1st, the defendant did then and there except. The motion, with the reasons for a new trial, and the testimony taken in support of the motion, are appended to this bill of exceptions."

The motion and reasons thus referred to in the bill of exceptions, so far as they concern us here, are set forth in the record:

"And now the defendant, by his attorney, moves the court for a rule for a new trial, and in support of his said motion files the following reasons: (1) Because the jury, upon retiring to deliberate upon and to find a verdict, took with them and kept during all their deliberations in the jury room, as one of the exhibits in the case, the indictment against the defendant No. 25, November sessions, 1899, upon the back of which was indorsed the verdict

of the jury upon the trial had on the said indictment on the 21st, 22d, and 23d of November, 1900, which indorsement is as follows: 'And, now, the 24th day of November, A. D. 1900, the jurors impaneled in this case upon their oaths and affirmations do say that the defendant, David S. Ogden, is guilty in the manner and form as he stands indicted, and they further find him to be the proprietor of the Ridge Avenue Beef Company,'—which indictment is one of the two tried last Monday, the 25th of February, 1901, and contains the counts for the sales of oleomargarine on the 6th and 13th of March, 1899, and the 14th and 23d of September, 1899; being four of the five sales which the United States offered evidence to show on the trial held on the 25th of February, 1901, were illegal sales of oleomargarine. (2) Because the jury, upon retiring to deliberate upon and to find a verdict, took with them, and kept during all their deliberations in the jury room, as one of the exhibits in the case, the indictment against the defendant, No. 37, May sessions, 1900, upon the back of which was indorsed the verdict of the jury upon the trial had on the said indictment on the 21st, 22d, and 23d of November, 1900, which indorsement is as follows: 'And now, the 24th day of November, A. D. 1900, the jurors impaneled in this cause upon their oaths and affirmations do say that the defendant, David S. Ogden, is guilty in manner and form as he stands charged in the fourth and fifth counts in the indictment, and not guilty as to the remaining counts, and they further find him to be the proprietor of the Ridge Avenue Beef Company,'—which indictment is one of the two tried last Monday, the 25th of February, 1901, and contains counts Nos. 4 and 5 (the only counts upon which a trial was had on Monday, February 25, 1901), for the sale of oleomargarine on the 30th of September, 1899."

The facts, as stated in these reasons, were supported by the testimony of several jurors and that of a subordinate in the district attorney's office and of one of the counsel for the defendant. The facts testified to are not disputed, and upon them is based the third assignment of error, which is the only one presented for the consideration of this court. It is as follows:

"Third. Because the learned judge erred in excluding the testimony taken Wednesday, February 27, 1901, before Commissioner William W. Craig, which was offered in open court by the defendant in support of his motion for a new trial, and in refusing to entertain the motion for the new trial for the reasons set forth in the motion and supported by the testimony before the said commissioner, which motion and reasons and testimony are as follows."

It is not disputed that in the courts of the United States the allowance or refusal of a new trial rests in the sound discretion of the court to which the application is addressed, and that the result cannot be made the subject of a review by writ of error. The gravamen of the case, however, made by the plaintiff in error, is that the court below declined to exercise its discretion at all in refusing the motion for a new trial, and excluding from its consideration the reasons filed in support thereof. That the court did not exercise any discretion in respect to the motion for a new trial clearly appears from the statements of the bill of exceptions, as above quoted from the record. Taking this to be a fact, as we must, the only question that remains is whether such refusal by the trial court to exercise its discretion at all can be reviewed by writ of error. To this question we are constrained, by reason and authority, to give an affirmative answer. The right to move for a new trial, and to have that motion considered upon the reasons presented for it, is an absolute one, and the granting or refusal thereof does not rest in the discretion of the court. The

making of such a motion and the filing of reasons therefor is a regular and orderly step in the litigation of the cause, and is sanctioned by long-established and uniform practice of the courts, and, where not the subject of a special rule, the settled practice of common-law courts in this country and in England has prescribed the time when such motion can be made, and the period within which reasons therefor must be filed. To refuse leave to make or file such a motion and the reasons therefor is the denial of a right, for which the party aggrieved may seek redress in a reviewing court, when such refusal is properly excepted to, and made, by bill of exceptions, a part of the record in the case.

The case of Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917, is directly in point. That, like this, was a criminal case, in which the court below excluded from its consideration the affidavits offered by the defendant in support of his motion for a new trial, the supreme court, by Chief Justice Fuller, saying: "We should, therefore, be compelled to reverse the judgment, because the affidavits were not received and considered by the court." So, on the ground that neither the motion nor the affidavits in support thereof were considered by the court below, we think in this case the judgment should be reversed.

Another question is presented to us by the record, and that is whether the affidavits in support of the reasons for a new trial, being uncontradicted, do not make it incumbent upon this court, not only to reverse the judgment of the court below, with directions that the motion for a new trial be received and considered by the court, but that we should here direct a new trial to be granted. The affidavits show that both indictments were handed to the jury by an officer of the court, and taken into the jury room with other papers for their consideration, and that on the back of each indictment was the indorsement of the finding of the jury in the former trial, as set out in the record, that the defendant was guilty. There can be no question that the fact of the conviction on the indictments in the former trial could not have been put in evidence before the jury in the subsequent trial, and the court so expressly ruled. It would have been improper to have mentioned the fact to the jury, in argument or otherwise. It was the right of the defendant below that his case should be submitted to the jury free from the influence naturally produced by the fact of a former conviction upon the same indictments, and on presumably the same testimony. The effect of bringing the fact of such former conviction prominently and authoritatively to the attention of the jurors could not but be prejudicial to the defendant below.

It is, however, contended by the counsel for the defendant in error that it is not shown by the depositions taken that the indorsements on the indictments were read by any of the jurors. The fact that papers with such indorsements upon them were handed to the foreman of the jury, presumably by authority, along with other papers, by an officer of the court, could hardly fail to give to the jury the impression that they were intended for their consideration, and that they were expected to have some weight in forming their verdict. We do not think it was necessary on the part

of the defendant below to show that such indorsements had been read by the jurors or any of them. It was a gross violation of the rights of the defendant below that they should have been handed to them at all in the manner in which they were. Trial by jury is properly surrounded by every reasonable safeguard, to insure the absence of any improper influence.that might operate upon the minds of the jurors, and give to their verdict the dignity and respect so important to be maintained in the interests of an impartial administration of justice. It was not necessary, therefore, in our opinion, that the defendant below should have gone further than he did, when he showed the presence in the jury room of the indictments with the obnoxious indorsements, and the circumstances under which they came into the possession of the jury. Whether proof that these indorsements were not read by any of the jury would have brought us to a different conclusion need not now be considered. If it would have had such an effect, the burden was upon the defendant in error to produce the proof. The presumption that their presence in the jury room, under the circumstances, was injurious to the defendant below, remains until rebutted by evidence on the part of the plaintiff below.

We could rest this view of the matter upon the exceeding importance of guarding every approach by which improper influence may reach the jury room, and it would much diminish the efficiency of these safeguards if we were to require the aggrieved party to a suit, to not only show that obnoxious and prohibited documents or other evidence were in the possession of the jury, but that the jurors had actually availed themselves of the opportunity thus presented to them by reading or discussing the same. An auxiliary reason for the view we have thus stated is that it is not open, to one seeking to set aside the verdict of a jury, to use jurors themselves as witnesses to disparage their own verdict. While the proof of the fact that a document was not only in the possession of the jury, but was read by them, when considered abstractly, may not transgress the line of separation between what a juror may and may not testify to, it would be very hard in practice to so guard the testimony as to the fact of reading from trespassing upon the forbidden ground of the effect of the reading on the making up of the verdict.

What we take to be the correct rule in this regard is not without support in decided cases, and none have been cited to us by the defendant in error clearly in conflict therewith. Dana v. Tucker, 4 Johns. 487; Cluggage's Lessee v. Swan, 4 Bin. 150, 5 Am. Dec. 400; Stull v. Stull, 197 Pa. 243, 47 Atl. 240; La Bouty v. Lundgren, 41 Neb. 312, 59 N. W. 904; State v. Snyder, 20 Kan. 306; People v. Knapp, 42 Mich. 267, 3 N. W. 927; Moss v. Com., 107 Pa. 267; Meyer v. Cadwalader (C. C.) 49 Fed. 32.

We think, therefore, for the reasons stated, that the judgment of the court below should be reversed, with directions that a new trial be granted.