THE STATE OF CONNECTICUT vs. JOHN M. TUCKER.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Requiring the prosecutor to elect upon which one of two or more counts the State will claim a conviction, is usually a matter of discretion with the trial court. If the character of the offenses charged is such that the accused may properly be convicted upon more than one, the trial court may well refuse to compel such election.

It is the practice in this State, in civil and criminal cases, to deliver to the jury, when the case is committed to their consideration, the pleadings by which the issue is framed, and also the papers and documents which have been admitted in evidence.

If the file in an appealed case shows the record of judgment in the lower court, that record should be removed from the file, if practicable, and, if not, the jury should be instructed to disregard it, if such action is requested by the accused. But if the accused makes no request, and the papers containing such record go to the jury without objection, he cannot take advantage of that fact after verdict.

The defendant was charged with a breach of the peace, and also with an assault on one Kennedy, and the State had offered testimony that the accused and his brother lay in wait for and attacked said Kennedy and one Orr, who were policemen on duty together, and that a serious breach of the peace resulted. The accused denied that he was a party to the affray, and claimed that Kennedy made the first attack upon him. Held:—

1. That the State might show that on the morning of the day of the disturbance the accused had said that if he met Orr he would punch him, since that testimony tended to show that the accused was a party to the breach of the peace complained of in the first count.

2. That evidence as to the assault made by the brother upon Orr, and of the acts and language of others who took part in the same affray, was admissible to show the extent of the disturbance.

3. That questions asked of Orr on cross-examination—whether he had had trouble with other men, and whether he had been arrested— were properly excluded as irrelevant.

Argued June 10th—decided July 18th, 1902.

INFORMATION for breach of the peace, for an assault, and for resisting and obstructing an officer in the discharge of his duty, brought to the Town Court of Orange and thence by the defendant's appeal to the Criminal Court of Common Pleas in New Haven County and tried to the jury before *Hubbard, J.;* verdict and judgment of guilty upon two counts, and appeal by the accused for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*David E. Fitzgerald* and *Walter J. Walsh,* for the appellant (the accused).

*Robert J. Woodruff,* Prosecuting Attorney, for the appellee (the State).

HALL, J. The complaint in this case contains three counts. The first charges the accused with a breach of the peace, by tumultuous and offensive carriage, noise and behavior. The second charges a breach of the peace, on the same day named in the first count, by assaulting and striking Thomas Kennedy. The third count alleges that the accused, on the same day, resisted and obstructed Thomas Kennedy while he was in the discharge of his duty as a policeman. The accused was acquitted on the second count, and convicted on the other two.

One of the reasons of appeal is the denial by the trial court, of defendant's motion, that the State be required to elect upon which count of the complaint it would claim a conviction.

This motion was rightly denied. The character of the offenses charged justified the State in claiming that the accused might properly be convicted, as he afterwards was, upon more than one count of the complaint. Even when

such an order may properly be made, the granting of the motion is usually a matter of discretion. *State* v. *Tuller*, 34 Conn. 280, 298.

It is assigned as error, that in the Court of Common Pleas the record of the judgment of conviction in the town court was allowed to go to the jury, and that when the matter was called to the attention of the court the record was not removed from the files, nor the jury instructed to disregard it.

It is the practice in this State, in the trial of both civil and criminal cases, after the court in its charge has stated to the jury the issues which they are to decide, to deliver to them, when the cause is committed to their consideration, the pleadings by which such issues are framed, and also the papers and documents which have been admitted in evidence. 1 Swift's Dig. s. p. 775. But what judgment was rendered upon the first trial was a question with which this jury had nothing to do. If counsel had asked the court to have the record of that judgment taken from the file, it should have been removed, if practicable, and if not the court, had counsel so requested, should have directed the jury to disregard it. But if counsel for the accused believed that it might be harmful to his client to have the record of the former judgment before the jury, he should have made some endeavor to have it removed from the file, either before or after the jury retired to their room, or should have requested the court to direct the jury not to consider it. It is the duty of counsel as well as of the court to ascertain what papers are delivered to the jury. 2 Thompson on Trials, § 2591. At the time the file was delivered to the jury defendant's counsel apparently knew that it contained the objectionable record, and that it was given to the jury. The finding is that at that time he made no objection, but that after the jury had been in their room some minutes he asked the court if it was the practice to allow the record of the trial in the court below to be sent to the jury. He was informed by the judge that it was the custom of the court, upon request, to caution the jury against being influenced by the record of judgment in

the lower court. Counsel for defendant made no request, but after verdict, filed a written objection. Upon these facts, no injustice was done the accused by the failure of the court either to remove the record in question from the file or to direct the jury not to regard it.

Upon the trial the State offered evidence to prove that in the evening of August 23d, 1901, the accused and his brother Frank were lying in wait behind a tree in a street in West Haven, for the purpose of attacking policemen Orr and Kennedy while said officers were in the discharge of their duty, and that near the accused and his brother, and apparently accompanying them, were several other persons; that as the officers approached the tree Orr drew his revolver and ordered the accused and his brother to come out, when Frank Tucker replied, with an oath, " We're here to do you up and you've got to fight now anyway," and used other vile and abusive language to said Orr; that said officers thereupon attempted to arrest Frank Tucker, when they were attacked by the accused and his brother, the latter assaulting officer Orr and the accused attacking officer Kennedy; that the officers were severely beaten and injured by the accused and his brother, and by others who took part in the assault upon the officers, and a large crowd was collected by the affray, and a great noise and disturbance of the public peace was thereby caused.

The accused denied that he was hiding behind the tree with his brother, or that he attacked or resisted said officers, or caused said disturbance or was present when it commenced, and claimed that without just cause he was himself first attacked by officer Kennedy. He also denied that on the morning of the day of the assault he had threatened officer Orr, as testified by the State's witnesses.

Counsel for the accused objected to proof by the State, in chief, that on the morning of the day of the alleged assault the accused had said that if he met officer Orr, he, the accused, would " punch him." No ground for the objection was stated. In his brief defendant's counsel admits that " a threat to do the thing charged is admissible," but claims

State *v.* Tucker.

that the evidence was inadmissible because the accused was not charged with assaulting Orr.

It is true that the complaint charges that an assault was made upon Kennedy only; but the first count charges a breach of the peace by tumultuous and offensive carriage, noise and behavior. Such breach of the peace might be proved without alleging an assault upon any person. *State v. Farrall*, 29 Conn. 72. Apparently it was the purpose of the State in offering this evidence to prove that the defendant was the cause of the disturbance which occurred on the night in question, and which was described in the first count, by proving that on that morning he threatened to create such a disturbance. The declaration of the accused that he intended to commit the offense charged, and to commit it in the very manner in which the State claimed it was committed, was some evidence, in connection with the other evidence offered by the State, that the accused was the cause of the breach of the peace charged in the first count. 1 Greenl. on Ev. (16 Ed.) § 14*k*.

Counsel for the accused objected to proof of the assault made by Frank Tucker upon officer Orr, and of the acts and language of persons other than the defendant, engaged in the affray. Such evidence was properly received as showing the character and extent of the public disturbance claimed to have been created by the accused and his brother.

The questions asked officer Orr on cross-examination, whether while on the police force he had had trouble with other men, and whether he had been arrested, were properly excluded as irrelevant.

Other rulings complained of are so manifestly correct as to require no discussion.

There is no error.

In this opinion the other judges concurred.