## McNulty *v.* State of Indiana.

[No. 23,699. Filed November 29, 1919. Rehearing denied February 3, 1920.]

1. Criminal Law.—*Affidavit with Indorsement of Prior Conviction.—Submitting to Jury.*—In a prosecution in the criminal court on appeal from a conviction in the city court, it would have been error to permit the jury to take with them, on retiring to deliberate on their verdict, the affidavit which contained an indorsement of the finding and judgment of conviction rendered by the city court. p. 89.

2. Criminal Law.—*Appeal.—Presumptions.—Affidavit.—Submitting to Jury.*—Since the court in a criminal prosecution is not required to let the jury have the affidavit while deliberating on their verdict, the Supreme Court will assume that the criminal court overruled a motion asking that an indorsement of conviction in the city court be erased from the affidavit, the record not showing that the court permitted the jury to have the affidavit while deliberating. p. 89.

From the Marion Criminal Court (49,245); *James A. Collins,* Judge.

Prosecution by the State of Indiana against Charles O. McNulty. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.
*Ele Stansbury,* Attorney-General, and *Dale F. Stansbury,* for the state.

TOWNSEND, C. J.—Appellant was convicted in the city court of Indianapolis for violation of the liquor laws. He appealed to the criminal court, was tried by jury, and convicted again.

He says the court erred in permitting the jury to take the affidavit with them when they retired to deliberate on their verdict, because it had the finding and judgment of the city court indorsed thereon. If the court did this, he committed error. *Lotz* v. *Briggs* (1875), 50 Ind. 346, 348; *Ogden* v. *United States* (1902), 112 Fed. 523, 526, 50 C. C. A. 380; *State* v. *Tucker* (1902), 75 Conn. 201, 203, 52 Atl. 741. But the record does not show that the court did any such thing. True, the record shows that appellant filed a motion asking the court to erase from the back of the affidavit the minutes showing the finding and judgment of the city court. This was overruled, and appellant excepted.

There is no law requiring the court to let the jury have the affidavit while they are deliberating on their verdict. We must assume, therefore, that the court overruled this motion, because he did not care to erase from the back of the affidavit that which he never contemplated letting the jury see.

No error being presented by the record and briefs, the judgment of the trial court is affirmed.