## STAUB v. STATE OF INDIANA.

[No. 23,576.   Filed December 18, 1919.]

CRIMINAL LAW.—*Affidavit Showing Conviction in City Court.—Submission to Jury.—Reversible Error.*—On the trial in the criminal court on appeal from a conviction in the city court, it was error to submit to the jury, over the defendant's objection, the affidavit upon which the prosecution was based, which was taken to the jury room, where such affidavit contained an indorsement showing the conviction and the fine imposed in the city court.

From Marion Criminal Court (49,303); *James A. Collins*, Judge.

Prosecution by the State of Indiana against Dolph Staub. From a judgment of conviction, the defendant appeals. *Reversed.*

*Alvah J. Rucker*, for appellant.

*Ele Stansbury*, Attorney-General, and *Dale F. Stansbury*, for the state.

WILLOUGHBY, J.—Appellant was convicted in the city court of the city of. Indianapolis for violation of the Prohibition Law. He appealed to the criminal court of Marion county, Indiana; was tried by jury, and again convicted. From the judgment of the criminal court he appeals and alleges that the court erred in overruling his motion to erase and expunge certain prejudicial matter written and printed on the back of the affidavit upon which this prosecution is based, said prejudicial matter being a memorandum showing the conviction and punishment of the appellant in the city court, and in overruling appellant's motion for a new trial. One of the

reasons assigned in the motion for a new trial is that the court erred in permitting to go to the jury, to be used by them in arriving at their verdict, the affidavit upon the back and reverse side of which was written and printed what purported to be and was the sentence and fine, to wit, $100, and the number of days in jail, to wit, 120, which appellant received in the city court of the city of Indianapolis, from which sentence, fine, and imprisonment this proceeding is an appeal.

The appellee claims that the record does not show that the affidavit with the record of conviction thereon was ever received by the jury. It appears from the record that the appellant moved the court to erase and expunge the written and printed matter on the back of the affidavit showing the conviction and punishment of appellant in the city court. This motion was overruled, and to such ruling the appellant excepted.

The instructions were brought into the record by a bill of exceptions, and from such bill it appears that appellant objected and excepted to the giving of instruction No. 13, for the reason that it permitted the jury to take with them, when they retired to consider their verdict, the affidavit which had the finding and judgment of the city court indorsed thereon. Instruction No. 13 reads as follows: "You will be permitted to take the affidavit with you in your deliberations but you are instructed that such affidavit is submitted to you only for the purpose of informing you of the nature of the charge. It is not to be considered by you as evidence of any fact in issue."

We think this record shows that the jury took the affidavit with the prejudicial matter on the back of it with them to the jury room. The submission, over appellant's objection, of the affidavit with the memorandum indorsed on the back thereof, showing the conviction and punishment of appellant in the city court,

was error requiring a reversal of the judgment. *Lotz* v. *Briggs* (1875), 50 Ind. 346, 348; *Torphy* v. *State* (1917), 187 Ind. 73, 118 N. E. 355; *State* v. *Tucker* (1902), 75 Conn. 201, 203, 52 Atl. 741; *Ogden* v. *United States* (1902), 112 Fed. 523, 526, 50 C. C. A. 380; *McNulty* v. *State* (1919), 189 Ind. ——, 125 N. E. 4I.

Judgment reversed, with instructions to the Marion Criminal Court to sustain appellant's motion for a new trial.

NOTE.—Reported in 125 N. E. 399.