## MIDDAUGH *v.* STATE OF INDIANA.

[No. 23,989.   Filed November 17, 1921.]

CRIMINAL LAW.—*Trial.*—*Jury.*—*Taking Indictment into Jury Room.*—It is proper to permit the jury to take with them the affidavit, or indictment, when they retire to deliberate on their verdict, provided there is nothing of a prejudicial character attached thereto, or indorsed thereon.

From Marion Criminal Court (51,739) ; *Harry O. Chamberlin,* Special Judge.

Prosecution by the State of Indiana against Charles Middaugh. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Holmes & McCallister,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* for the state.

TOWNSEND, C. J.—Appellant was convicted in the city court of Indianapolis of a violation of the Prohibition Law. Acts 1917 p. 15, §8356a *et seq.* Burns' Supp. 1918. He appealed to the criminal court of Marion county, was tried by jury and again convicted.

He moved the court to withhold from the jury, on their retirement, "the affidavit, transcript of appeal and all other papers in this case," which motion the court sustained, "as to all papers except affidavit." He excepted to this ruling and on this predicates error.

It is proper to permit the jury to take with them the

affidavit, or indictment, when they retire to deliberate on their verdict. *Stout* v. *State* (1883), 90 Ind. 1; *Masterson* v. *State* (1896), 144 Ind. 240, 43 N. E. 138. Provided, however, that there is nothing of a prejudicial character attached thereto, or indorsed thereon. *Mc-Nulty* v. *State* (1919), 189 Ind. 88, 125 N. E. 41, and authorities there cited; *Staub* v. *State* (1919), 188 Ind. 683, 125 N. E. 399, and authorities there cited.

It is not made to appear by the record in the instant case that there was anything attached to the affidavit, or indorsed thereon.

The judgment of the trial court is therefore affirmed.

Myers, J., absent.