### THOMPSON v. STATE OF INDIANA.

[No. 25,533.   Filed November 16, 1928.]

*Clarence E. Benadum,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—This is a prosecution against the appellant for a violation of §4 of an act concerning intoxicating liquors, Acts 1925 p. 144, §2717 Burns 1926.

The affidavit is in one count charging that the appellant had in his possession unlawfully on or about July 28, 1925, at Delaware County, in the State of Indiana, intoxicating liquor. A trial by jury resulted in conviction, and, after a motion for a new trial was overruled, and judgment rendered on the verdict, this appeal was taken. The only error assigned is upon the overruling of the motion for a new trial. The appellant insists that the verdict of the jury is contrary to law and that the verdict of the jury is not sustained by sufficient evidence.

The appellant, in his motion for a new trial, assigned as error, "that the court erred in giving of its own motion to the jury, instructions numbered one to eleven, inclusive." This assignment can only be maintained by showing that all the instructions are incorrect. *Ohio, etc., R. Co.* v. *McCartney* (1890), 121 Ind.

385, 23 N. E. 258, and cases there cited. See, also, Osburn v. State (1905), 164 Ind. 262, 267, 269, 73 N. E. 601.

The appellant has not attempted to point out any objections to any of the instructions given in the case except No. 5. This must be taken as an admission by appellant that no legal objection exists as to any of said instructions except instruction No. 5. Jones v. State (1903), 160 Ind. 537, 67 N. E. 264.

Errors assigned on appeal are waived when not stated in the "Points and Authorities" part of appellant's brief and supported by argument or authorities. Tow v. State (1926), 198 Ind. 253, 151 N. E. 697.

The only other contention of appellant in this appeal is that the verdict is not sustained by sufficient evidence. The appellant claims that the verdict is contrary to law because the evidence fails to sustain the charge in the affidavit.

The charging part of the affidavit is "that Joshua Thompson on or about the 28th day of July, 1925, at and in the county of Delaware, State of Indiana, did then and there unlawfully have in his possession intoxicating liquor contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The statute, §4 of an act concerning intoxicating liquors, Acts 1925 p. 144, §2717 Burns 1926, makes it a criminal offense to possess intoxicating liquors. There was some evidence, given by police officers, to the effect that in Delaware County, in the State of Indiana, on July 28, 1925, certain prohibition officers went to the home of Robert Graves in said county and state, and searched for intoxicating liquor. They went in the kitchen door and found several persons

standing in the kitchen and Joshua Thompson (this appellant) was standing in the middle of the kitchen with a tin cup in his hand. That there was white whisky in the tin cup and he threw it out of the window and there was some white whisky left in it after he had thrown part of it out at the screen. Under the well-established rule, when this court is considering the sufficiency of the evidence to support a finding or verdict, it will consider only the evidence tending to support the verdict, and will not consider any evidence contradicting such evidence supporting the verdict. *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582; *Howard* v. *State* (1921), 191 Ind. 232, 131 N. E. 403; *James* v. *State* (1921), 190 Ind. 629, 130 N. E. 115. The verdict is sustained by sufficient evidence and is not contrary to law. No other question is presented in this appeal.

Judgment affirmed.