## PAPA *v.* STATE OF INDIANA.

[No. 13,716.   Filed April 5, 1929.]

*Robert E. Proctor,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Deputy Attorney-General, for the State.

NICHOLS, J.—Appellant and another were prosecuted jointly upon an affidavit in two counts, each count alleging a violation of the liquor laws of the state. The first count charged that appellant did unlawfully purchase, receive, manufacture, transport, ship, possess, sell, barter, exchange, give away, furnish and otherwise handle and dispose of intoxicating liquor; the second count charged appellant with maintaining a liquor nuisance.

Appellant entered a plea of not guilty to both counts, was tried by a jury, found guilty on the first count and

sentenced to pay a fine of $100 and to thirty days in the county jail, and was found not guilty on the second count. From the judgment on the verdict, this appeal.

The errors assigned are overruling appellant's verified motion to quash the affidavit on which the search warrant was issued, the search warrant and the return thereon, and to suppress all evidence secured thereby and overruling his motion for a new trial. The first error which appellant attempts to present is not properly assigned, and therefore, no question is presented. Such an alleged error must be specified as a cause for a new trial. *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163.

Appellant has attempted to present error in certain instructions by having the original bill of exceptions containing the instructions certified to this court as a part of the record instead of having the same copied therein. The instructions cannot be so brought into the record, and therefore, no question is presented as to the instructions. *Mitchell, Exr.*, v. *Beissenherz* (1922), 192 Ind. 587, 135 N. E. 885.

The evidence shows that John Dickey and Walter Aiken, police officers of the city of Elkhart, went to the Sunnyside pool room conducted by appellant at No. 611 Harrison street, on March 12, 1928; that appellant was there, and Dickey asked him if he could get a half pint of moonshine whisky; that appellant said "yes" and wrote a few words, possibly in Italian, on a small piece of paper which he gave to Dickey and directed him to the house just back of the pool room on the same lot; that the officers went out of the back door of the pool room to this building, and when a woman, Josephine Papa, the mother of appellant, came to the door, they handed her the note and she told them to come in, and filled a coca-cola bottle with moonshine liquor from a white coffee pot and gave it to the officers

and received $1 from them in payment; and that on March 24, 1928, the same Dickey and Aiken again went back to appellant's pool room, and Dickey asked appellant if he could get another half pint of whisky and appellant said "yes," but waited a moment, and Dickey asked, "Are you going to give me a note?" and the appellant said, "No, I'll send somebody after it," and called his brother Nick, who was in the pool room at the time, and talked to him in Italian, and immediately the brother left the pool room by the rear door, was gone a few minutes and returned the same way and called Dickey halfway back in the pool room and gave him a cocacola bottle filled with intoxicating liquor, and asked Dickey for $1 while the appellant was in the room. There was more evidence, but this was sufficient to sustain a conviction on the first count of the indictment.

Affirmed.