STENGNACH *v.* STATE OF INDIANA.

[No. 13,729.   Filed April 18, 1929.   Rehearing denied June 21, 1929.]

*Herbert S. Barr* and *Arthur E. Letsinger*, for appellant.
*James M. Ogden*, Attorney-General, and *Merl M. Wall*, Deputy Attorney-General, for the State.

NEAL, J.—Appellant was convicted in the city court of the city of Gary on an affidavit charging a violation of the liquor laws of our state in this, to wit, that appellant unlawfully possessed, sold, bartered, exchanged, etc., intoxicating liquor. An appeal was taken by appellant to the criminal court of Lake county. Trial by jury resulted in a verdict of guilty. The court rendered judgment on the verdict. The only error relied upon for reversal is that the court erred in overruling appellant's motion for a new trial.

At the threshold of our consideration of the assigned error, the Attorney-General, on behalf of the appellee, lays down the proposition that appellant's brief does not specifically point out any error committed by the trial court; consequently no question is properly presented for review. The motion for new trial contains eleven causes or reasons: (1) The verdict is contrary to law; (2) the verdict is not sustained by sufficient evidence; (3) to (10), inclusive, are predicated upon the admission or refusal to admit certain evidence; and (11) the misconduct of two of the jurors during the trial. Causes 1 and 2 are not mentioned by appellant in his "Points and Authorities," and they are thereby waived. *Knapp* v. *State* (1907), 168 Ind. 153, 79 N. E. 1076; *Pattison* v. *Grant Trust, etc., Co., Admr.* (1924), 195 Ind. 313, 144 N. E. 26; *Land* v. *State* (1926), 198 Ind. 342, 151 N. E. 823; *Briese* v. *State* (1926), 198 Ind. 643, 154 N. E. 2. Causes 3 to 10, inclusive, are not presented because it does not appear by appellant's brief that, by the admission and refusal of the evidence complained of, the court committed any error. Cause 11 fails for the reason that appellant reserved no exception at the trial and, further, there is no showing that appellant's rights were prejudiced. See *Coleman* v. *State* (1887), 111 Ind. 563, 13 N. E. 100; *Woodward* v. *State* (1926), 198 Ind. 70, 152 N. E. 277.

Appellant's points 1, 2, 3, 4, 5 and 6 are probably intended to support alleged errors in the admission or exclusion of evidence, but appear as either abstract statements of law or conclusions, and are not in any manner applied to the assignment of error or subdivision thereof, and cannot be considered on appeal. *Weidenhammer* v. *State* (1913), 181 Ind. 349, 103 N. E. 413; *Dampier* v. *State* (1924), 194 Ind. 646, 114 N. E. 241; *Moore* v. *State* (1927), 199 Ind. 578, 159 N. E. 154.

If it could be said that the admission of evidence over objection was before us, the burden was upon appellant to show that he was probably injured in some material respect, and this he has failed to do. *Newbauer v. State* (1928), 200 Ind. 118, 161 N. E. 826; *Wolfe v. State* (1928), 200 Ind. 557, 159 N. E. 545. And, if admission or exclusion of evidence is relied upon, appellant's brief must point out the place in the record where the questions, answers thereto, and ruling of the court thereon, may be found, and this does not appear to have been done. *Land v. State, supra.*

Point 7 related to the misconduct of the jurors, and has already been discussed. Point 8 is directed to the exclusion of evidence, to wit, the transcript of the trial of appellant in the city court. The appellant gives no reason to support his point, and cites no authority. We call attention, as applicable to this point to *Staub v. State* (1919), 188 Ind. 683, 125 N. E. 399, and authorities there cited.

In the instant case, a learned judge in the city court, after hearing the evidence, pronounced the appellant guilty; thereafter twelve of his peers, as jurors, came to the same conclusion; next, a learned judge reviewed the whole case when appellant presented his motion for new trial and pronounced judgment; although not called upon to do so, we have reviewed the evidence and find it ample to support conviction. Surely appellant has had his day in court and his liberty will, by affirmance of this judgment, be taken away only by due process of law.

Judgment affirmed.