. WORRELL *v.* STATE OF INDIANA.

[No. 14,061.   Filed April 9, 1930.]

*Clarence E. Benadum,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

NEAL, P. J.—Appellant was found guilty, by a jury, of the unlawful possession of intoxicating liquor pursuant to §2717 Burns 1926, and his punishment fixed by fine

in the sum of $1,000, to which was added a jail sentence of 60 days.

Appellant filed his verified motion to "quash and vacate the affidavit for search warrant, search warrant, return thereon, and to suppress the evidence," which motion was overruled and exceptions taken. He also filed his motion to quash the affidavit, which motion was also overruled and exception given. Appellant filed motion for a new trial, which motion was likewise overruled and exception given. Appellant assigns as error: (1) Overruling the motion to quash the affidavit for search warrant and to suppress the evidence; (2) overruling the motion to quash; (3) overruling the motion for a new trial, and the several causes specified thereunder are: (a) The verdict of the jury is not sustained by sufficient evidence; (b) the verdict is contrary to law; (c) separate error in the giving of each of 14 instructions by the court on its own motion; (d) error in the admission of several items of evidence; (e) error in overruling the motion to suppress. In an examination of appellant's brief, in the division thereof entitled "Points and Authorities," only one alleged error is called to the attention of the court, to wit: "The court erred in overruling the appellant's motion to quash and vacate affidavit for search warrant, search warrant, return thereon, and to suppress the evidence." We cannot ascertain whether the several "Points and Authorities" made under the proposition on the motion to suppress relate to the alleged error in overruling the motion to suppress, which is made an independent assignment of error, or whether it is directed to the cause under the motion for a new trial, that the court erred in overruling the motion to suppress. It has been decided repeatedly by the Supreme and Appellate Courts that the overruling of a motion to suppress is a proper cause for a new trial and cannot be made an independent assignment of

error in this court. *Nelson* v. *State* (1928), 200 Ind. 292, 163 N. E. 95; *Papa* v. *State* (1929), 89 Ind. App. 117, 165 N. E. 773. The alleged errors, to wit: Overruling the motion to quash; in the giving of each of 14 instructions by the court on its own motion; that the verdict is not sustained by sufficient evidence; that the verdict is contrary to law, and separate error in the admission of the several items of evidence, not having been presented by appellant under "Points and Authorities," in his brief, are deemed to have been waived. *Stengnach* v. *State* (1929), 89 Ind. App. 486, 165 N. E. 919; *Tow* v. *State* (1926), 198 Ind. 253, 151 N. E. 697; *Thompson* v. *State* (1928), 200 Ind. 373, 163 N. E. 595; *Partlow* v. *State* (1929), 201 Ind. 207, 166 N. E. 651; *Johnson* v. *State* (1929), 201 Ind. 264, 167 N. E. 531.

It does not appear from appellant's brief that any evidence was introduced upon the trial of the cause which could not have been introduced if the motion to suppress had been sustained. Under the division of the brief entitled "The Record," wherein appellant, by the rules of the Supreme and Appellate Courts, is called upon to give a condensed recital of the evidence, we are unable to find that any objection was made to the introduction of any item of evidence whatsoever. If appellant was harmed by the overruling of his motion to suppress, it was incumbent upon him to show affirmatively that such was the case, and this he has failed to do. We may search the record to affirm, but never to reverse. *Chappelle* v. *State* (1925), 196 Ind. 640, 149 N. E. 163.

Appellant by his brief has waived all alleged errors except his motion to suppress; he has failed to disclose that the intended evidence mentioned in the motion to suppress was ever introduced in evidence, therefore, we cannot say that reversible error, if

error there be, can be predicated on the motion to suppress.

This court has recently said, in the case of *Chander* v. *State* (1929), 89 Ind. App. 304, 166 N. E. 289: "It follows that it will not be necessary to decide the question as to whether the trial court erred in overruling appellant's motion to quash the search warrant and to suppress the evidence shown by the return thereon; for if appellant, on the trial, made no objection to the admission of the State's evidence which had been procured by the search, he thereby waived the error, if any, in the court's ruling on the motion to quash the search warrant and suppress the evidence shown by the return." See *Scott* v. *State* (1929), 89 Ind. App. 124, 165 N. E. 916.

Judgment affirmed.