Commonwealth of Pa. *v.* Benjamin, Appellant.

506

Argued October 20, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop Cunningham and Baldrige, JJ.

*Louis and George Little,* for appellant.

*Earle R. Jackson,* Assistant District Attorney, and with him *Andrew T. Park,* District Attorney, for appellee.

Opinion by Trexler, P. J., December 12, 1930:

The indictment in this case charged the defendant with setting fire to a dwelling house and shop of which he was the owner, for the purpose of defrauding certain insurance companies who had issued policies on the merchandise on the premises.

The facts are unique. On the evening of March 27, 1929, at about 9:50 o'clock, a fire and explosion occurred in the defendant's building, its front was blown out and fire spread to certain portions of the premises.

The fire department arrived quickly and the chief found what seems to be clear evidence of systematic preparation of a fire. We need not go into all the details. There was burlap saturated with gasoline and a rubber hose designed to allow trains of powder from place to place. The most startling thing connected with the event was that the body of a man was found, the bottom of whose trousers was burned off. He was evidently the man who had undertaken to set the premises on fire and was killed by the explosion. In the pocket of this man was found a check drawn by the defendant on the Pennsylvania National Bank of Pittsburgh, dated the day before the fire, to the order of cash, for the sum of $500. The defendant and his family, accompanied by an employee, left the building for an automobile trip sometime before the fire. The night before the fire a witness saw a covered truck drawn up to the entrance of defendant's building, from which several barrels or kegs of 10 to 15 gallon capacity were unloaded by some unknown person and carried into defendant's premises. There was insurance carried by the defendant in an amount sufficient to support the claim of the Commonwealth that the purpose of the fire was to defraud the insurers. These facts warranted a verdict of guilty.

There are a number of complaints as to the charge of the court, but there was only one exception taken to the charge which was as follows: "Mr. Little: I only want one exception, your Honor, and that is that the charge is argumentative. Exception noted."

The attorney for the appellant having voluntarily confined his exceptions to but one subject, we might dispose of the assignments directed to other alleged errors in the charge without further comment. We will, however, briefly refer to them.

The first assignment is that the court overstated the amount of insurance on the stock, that the court re-

ferred to the insurance as being $8,000 when in fact it was but $4,000. This mis-statement of fact should have been corrected by the appellant at the time it was made, but the error was not material. The jury had possession of all the policies which were offered in evidence and took them out with them and had an opportunity to scrutinize and determine for themselves the amount of the various policies regardless of the trial judge's error. Had the attention of the court been called to it, the correction would no doubt have been made. It is now too late for the appellant to take advantage of it.

The second assignment is that the trial judge in his charge unduly stressed the testimony of the Commonwealth's witness. A reading of the charge does not sustain the argument of the appellant in this regard. The court, after it concluded its summary of the facts, asked the defendant's counsel whether, before he passed to the subject of character evidence, there was anything particular that he wanted the court to refer to that he had not touched upon and the reply was that he desired nothing except the reference to the character witnesses. In the charge, the trial judge stated the contention of the Commonwealth, but did not, in any instance, assume that any of the facts presented by it were true.

The charge of the court in regard to the value to be given to character testimony forms the subject of an assignment. The language set out in the assignment is, ''It does not mean that because a man is of good repute that therefore he ought not to be convicted of crime. It means just what I have said. It may raise a doubt; but if there be no doubt, after giving due consideration to good repute, if you are yet convinced that this defendant was the person who committed this crime, his good repute cannot protect

him from conviction." The whole paragraph should have been quoted.

The portion quoted above was preceded by the words, "Where witnesses who are credible go upon the stand and testify to a man's reputation, if the jury believe the testimony as to his good repute, it being substantive evidence, may have the effect itself of raising a reasonable doubt in the case which the law contemplates as being sufficient to acquit a defendant—taken, of course, in connection with all the other matters which the defense presents." Taking the whole of the paragraph, there was no error. The portion quoted in the assignment might be open to criticism, but as was stated in Com. v. Tenbroeck, 265 Pa. 251, it is only in the absence of other adequate instructions upon the question that such language is condemned.

Several of the assignments are directed to the alleged misconduct of the district attorney. There was a motion made for the withdrawal of a juror after counsel for the defendant objected to the presence of a detective at the counsel table. The matter might be summarily disposed of by reason of the fact that the assignment is not in proper shape. There is nothing on the record which would justify the court to withdraw the juror. It is said that the detective made a sound or indicated derision with regard to the testimony of a witness. There was no proof that such a sound was made. The trial judge was not aware of it. His comment was that it should not have been done, if it occurred. The question of having the detective at the counsel table was one within the discretion of the court.

The trial was had on February 3, 1930. On the "31st" of April, 1930, the attorney for the appellant made an affidavit that during the argument of the district attorney, he said, "I believe from the facts

and evidence that the defendant is guilty, otherwise I would not argue this to the jury.'' This avails nothing. The time to have the remarks put upon the record was when they were made. There was no effort made to do this. Defendant's counsel expressed his opinion as to what the district attorney had said with which the court did not coincide. The court granted an exception to the remark stating at the same time that he did not agree with the defendant's counsel as to the words used by the district attorney. This leaves nothing for us in this regard. There are other objections to certain remarks made by the district attorney, but they are too trivial to require any notice.

All the assignments are overruled and the judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.