## Carter v. Booth

*Charles W. Eaby*, for plaintiff.

*S. V. Hosterman*, for defendant.

SCHAEFFER, P. J., March 27, 1942.—Plaintiff sued defendant in assumpsit to recover certain wages as housekeeper for defendant based upon a verbal contract. Defendant admitted that a contract was entered into between them but presented a counterclaim for overpayments under the contract. The terms of the contract were in controversy, but the jury found in favor of the plaintiff in the sum of $382.06. Defendant has

moved for a new trial on the ground that the verdict is excessive and particularly for the reason that one of the jurors separated himself from the remaining 11 jurors in the case for at least one hour and fifteen minutes after the charge of the court and after the case was submitted to the jury. This occurred during the noon recess at lunch time. There is no evidence and it is not contended that this juror was subjected to any improper influence during his separation from the rest of the jurors or that anyone contacted or communicated with the juror with reference to the case during that period.

At common law the jury was kept together from the time they were sworn, which is still the general rule in criminal cases involving life: Kramer v. Kister, 187 Pa. 227, 234. In Moss v. Commonwealth, 107 Pa. 267, 270, it is said:

"The strictness of the early English rule in excluding jurors from all outside intercourse, in cases not capital, is very much relaxed in this country."

In Commonwealth v. Williams, 209 Pa. 529, the court concluded that the prisoner in a murder case was not in any manner prejudiced by the separation of the jury for a few minutes and that a new trial was not justified. In Sadler on Criminal Procedure in Pennsylvania, vol. 1 (2d ed.) §498, p. 555, it is said with respect to the separation of a jury in noncapital cases:

"After the case is given in charge of the jury, no separation is allowed until the verdict is agreed upon; but where two jurors, through ignorance, after the charge of the court, separated from their fellows, and were absent for an hour and were then brought back, it was held that a new trial after verdict of guilty would not be granted, it appearing that no conversation had been held by them concerning the case"; citing Commonwealth v. Clemmer et al., 2 Pa. C. C. 629, Ermentrout, J. The only Pennsylvania case cited by defendant is Depui v. Prutzman, 16 Schuylkill L. R. 265, in which the syllabus is misleading and the case cannot

be considered as an authority to support defendant's contention.

In the instant case the separation of the juror from his fellow-jurors after the court's charge to the jury was unfortunate and it is not countenanced by the court but no harm was done to defendant nor was defendant in any manner prejudiced.

It is admitted that the jury apparently made an error in its calculation in arriving at its verdict. According to plaintiff the excess amounts to 70 cents and according to defendant it is at least $3.83. The court adopts the latter computation. The discrepancy is not excessive and it is a matter of correction rather than reduction of the verdict. However, as the verdict was recorded in the instant case, the court reduces the verdict of the jury from $382.06 to $378.23.

And now, March 27, 1942, the rule to show cause why a new trial should not be granted is discharged on condition that plaintiff remit the sum of $3.83 within 15 days.